# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# McALLEN DIVISION

| | |
|---|---|
| **ELOY RODRIGUEZ RODRIGUEZ** § | |
| § | |
| **v.** § | **CIVIL ACTION NO. _____** |
| § | |
| **TORITO CARNICERIA, LLC d/b/a** § | **(JURY DEMANDED)** |
| **EL TORITO MEAT MARKET and** § | |
| **GILBERTO ROMAN ROCHA** § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Eloy Rodriguez Rodriguez ("Plaintiff" or "Mr. Rodriguez") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

### A. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Plaintiff, due to his job duties at El Torito, was not compensated for his

time and personal expenses incurred. As such, Defendant failed to pay Plaintiff at one and one-half times his regular rate of pay for hours worked in a work week in excess of 40 hours.

## B. PARTIES

3.  Plaintiff, Eloy Rodriguez Rodriguez, is an individual who is employed by Defendant within the meaning of the FLSA.

4.  Defendant, Torito Carniceria, LLC d/b/a EL Torito Meat Market, ("El Torito" or "Defendant") is a domestic limited liability company (LLC), and may be served with process at the following address:

**Torito Carniceria, LLC d/b/a El Torito Meat Market**
**4804 Sweetwater Avenue**
**McAllen, Texas 78503-0024**

5.  Defendant, Gilberto Roman Rocha ("Mr. Rocha" or "Defendant") is a natural person domiciled in Hidalgo County, Texas, and may be served with process at the following address:

**Gilberto Roman Rocha**
**7001 Expressway 83**
**Mission, Texas 78572**
**or wherever he may be found**

## C. JURISDICTION AND VENUE

6.  Venue of this action is proper in this District and division because Defendants are subject to this personal jurisdiction. Venue exists in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district and division.

7. Defendant, El Torito, is a domestic limited liability company who conducts business in Hidalgo County, Texas. As such, venue is also proper in this judicial district and division.

8. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

## D. COVERAGE

9. At all material times, Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

10. At all times hereinafter mentioned, Defendant, El Torito Meat Market, has been an "employer" within the meaning of the FLSA.

## E. FACTUAL ALLEGATIONS

11. Plaintiff was first employed as a meat packer by Defendant around 2020.

12. Plaintiff was an hourly, non-exempt employee of El Torito.

13. Plaintiff reported to work at the Ware Road location.

14. He was scheduled to work six (6) days a week from 9:00 a.m. to 5:00 p.m.

15. But actually he worked six (6) days a week from 9:00 a.m. to 9:00 p.m.

16. Through the Whatsapp phone application, Mr. Rodriguez would forward a manual log reflecting his hours worked to El Torito.

17. The employer did not provide a computerized system or time clock at the El Torito locations.

18. In 2022, the Department of Labor - Wage and Hour division conducted a compliance investigation at the El Torito location on Ware Road.

19. Plaintiff's co-workers were interviewed on site by a DOL-W&H investigator.

20. During the interviews, all co-workers were interviewed in a room onsite that had audio-monitoring equipment, allowing El Torito management to listen to the interview in real time.

21. Based on information and belief, fearing retaliation or adverse personnel actions by El Torito, co-workers were not entirely truthful with the DOL-W&H investigator.

22. Based on information and belief, after the conclusion of the DOL-W&H investigation around mid-2023, El Torito started to pay Plaintiff some overtime hours - but not all the hours worked by Mr. Rodriguez.

23. Based on information and belief, for a six (6) day work week, El Torito failed to pay approximately 4 hours a day, resulting in 24 hours of unrecorded, uncompensated time for every work week.

24. Defendant, Mr. Gilberto Roman Rocha ("Mr. Rocha"), is also an "employer" under the FLSA and individually liable to Plaintiff for the FLSA violations described in this Complaint. Specifically, as the owner and President, Mr. Rocha had the authority to hire and fire employees of El Torito, including Plaintiff. Mr. Rocha supervised and controlled El Torito employees' schedules and/or conditions of employment, including preparing and/or approving daily and weekly work schedules for Plaintiff and other co-workers. Mr. Rocha determined the rate or method of payment for Plaintiff and other workers of El Torito, including Plaintiff's hourly rate of pay. Mr. Rocha determined or

approved El Torito's weekly pay calculations for Plaintiff and other employees of El Torito. As the owner, Mr. Rocha has the authority and exercises control over the manner in which Plaintiff and other employees are compensated. Mr. Rocha maintains El Torito's employee records, including Plaintiff's work and pay records. See *Gray v. Powers*, 673 F. 3d 352 (5th Cir. 2012).

### F.  COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff seeks to send out notice to all similarly situated meat packers pursuant to 29 U.S.C. § 216(b) of the following class (the "Similarly Situated Employees"):

> **All current and former meat packers who were employed by the Defendants for the past three years who were not paid at the rate of at lease one-and-one-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.**

26. Potential Plaintiffs were subjected to the same pay provisions in that they were all paid hourly, but they were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek. Thus, Similarly Situated Employees are owed unpaid overtime for the same reasons as Plaintiff, without regard to their individualized circumstances or their job duties.

27. Defendants' failure to compensate their employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of failing to pay overtime compensation to the Similarly Situated Employees in the manner described herein above. This policy or practice is and has been, at all relevant times, applicable to the Plaintiff and all Similarly Situated Employees. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those

joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Plaintiff also applied to all Similarly Situated Employees.

## G. CAUSES OF ACTION

28. Each and every allegation contained in the foregoing paragraphs 11 - 23, inclusive, is re-alleged as if fully rewritten herein.

29. During the relevant time period, Defendants violated the Fair Labor Standards Act for work weeks longer than 40 hours without compensating Plaintiff for his work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which he was employed.

30. Defendants owe Plaintiff the difference between the rates actually paid and the proper overtime rates as unpaid or underpaid overtime wages.

31. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff. By failing to pay Plaintiff its overtime compensation at one and one-half times their regular rates, Defendant continuously violated the FLSA's overtime provisions.

32. Defendants did not act in good faith and/or have reasonable grounds for a belief that their actions did not violate the FLSA nor did it act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; and (d) the Code of Federal Regulations.

33. Because Defendants' pay practices knowingly, willfully and/or recklessly violated the FLSA, Defendants owes past wages.

## H. JURY DEMAND

34. Plaintiff demands a trial by jury.

## I. EXHIBITS

35. **EXHIBIT A**   Consent to Become a Class Representative.

## J. RELIEF

36. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he recover from Defendant, the following:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216 (b);

   b. judgment be entered against Defendants in Plaintiff's favor, both individually and on behalf of the putative class members, for back wages (actual and compensatory) (including unpaid hours and unpaid overtime), liquidated damages and reasonable attorney's fees, plus interest and costs;

   c. judgment be entered that Defendants' violations were wilful, knowing and reckless unlawful retaliation;

   d. reasonable attorney's fees, expert fees, court costs and other expenses of this action as provided by 29 U.S.C §216(b);

   e. pre-judgment and post-judgment interest at the highest rates allowed by law; and

   f. such other and further relief as this Court deems just and proper in Plaintiff's favor both individually and on behalf of the putative class to which Plaintiff and putative class may be justly entitled at law or in equity.

Respectfully submitted,

**RUIZ LAW FIRM, P.L.L.C.**
118 W. Pecan Blvd.
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203

　　　 */s/ Mauro F. Ruiz*　　　
Mauro F. Ruiz
State Bar No. 24007960
Federal ID. 23774
**eFile ONLY:** admin@mruizlaw.com
mruiz@mruizlaw.com
**ATTORNEY FOR PLAINTIFF**

OF COUNSEL:
**RUIZ LAW FIRM, P.L.L.C.**
118 West Pecan Blvd.
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203